**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| RAÚL BRINDIS AND MARIO GOMEZ,<br><br>    Plaintiffs,<br><br>v.<br><br>TELEVISAUNIVISION, INC., CINDY HILL, individually and as agent of TelevisaUnivision, Inc., FRANK LA FONTAINE, individually and as agent of TelevisaUnivision, Inc.,<br><br>    *Defendants*. | No._____ |

**NOTICE OF REMOVAL**

Defendant TelevisaUnivision, Inc. ("TU") gives notice to this Court of removal of the action pending in the Supreme Court of the State of New York, County of New York, Commercial Division, styled *Raúl Brindis and Mario Gomez v. TelevisaUnivision, Inc., Cindy Hill, individually and as agent of TelevisaUnivision, Inc., and Frank La Fontaine, individually and as agent of TelevisaUnivision, Inc.*, Index No. 652315/2026 (the "State Court Action"), pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. In support thereof, TelevisaUnivision, Inc. respectfully states as follows:

## I.    STATEMENT REGARDING GROUNDS FOR REMOVAL

1.    Defendant TU removes this case on the basis of diversity of citizenship. 28 U.S.C. §1332. This notice is less than 30 days prior to service of the summons and complaint on Defendant TU and less than a year before Plaintiffs commenced this action.[1] Plaintiffs claim "compensatory damages … including (but not limited to) the unpaid compensation and benefits due under

---

[1] On April 20, 2026, Plaintiffs Raúl Brindis and Mario Gomez's ("Plaintiffs") "Verified" Complaint against Defendants in the State Court Action (the "Complaint") was accepted as filed. The Complaint does not contain a verification. The Complaint was served on TelevisaUnivision Interactive, Inc.

Brindis's contract…and other expectancy damages" plus reputational damages and punitive damages in an amount that exceeds $75,000 exclusive of interest and costs. *See* Complaint at Demand for Relief (i). Pursuant to 28 U.S.C. § 1446(a) and Local Rule 81.1, a copy of all process, pleadings, and papers in the State Court Action is attached hereto as **Exhibit A**.

2.  TU is a Delaware corporation but its principal place of business is not New York as Plaintiffs allege. Rather, as a holding company, it " [ . . .] does not have employees in the State of New York or anywhere else and it never employed either Plaintiff in this case." *See* **Exhibit B** at ¶9.[2] Plaintiffs know this as they filed a nearly identical lawsuit in Texas against TU and others, which resulted in a summary judgment in favor of Univision Radio Broadcasting Texas, LP and Daniel Guerra.[3] That judgment has not been appealed although the appellate deadline does not expire for a few days. *See Id.* at ¶19; **Exhibit B-5.**

3.  The other defendants have not been served. Although defendant Frank La Fontaine is said to be a citizen of New York, he is not and has at all material times been a resident of Florida. *See* **Exhibit B** at ¶ 11.  Defendant Cynthia "Cindy" Hill (Hill") is a diversity destroying citizen of Texas; her joinder is fraudulent as we show below.

## II.    FACTS RELATING TO CITIZENSHIP OF THE PARTIES

4.  Plaintiffs[4] assert claims arising from the termination of their alleged employment with non-party Univision Radio Broadcasting Texas L.P. in December 2023, including claims for breach of contract, breach of the implied covenant of good faith and fair dealing, fraud, aiding and abetting fraud, civil conspiracy, tortious interference with contract, tortious interference with

---

[2] The declaration of Anaeli Petisco-Rojas, SVP, Labor, Employment & Litigation Counsel of TelevisaUnivision, Inc. is attached to this Notice as **Exhibit B**.

[3] Brindis non-suited TU shortly before the summary judgment ruling and Gomez voluntarily dismissed his claims. *See* **Exhibit B.**

[4] Plaintiff Mario Gomez was not an employee of Univision Radio Broadcasting Texas, L.P. *See* **Exhibit B** at ¶ 12.

prospective economic advantage, defamation and business disparagement, aiding and abetting defamation, intentional infliction of emotional distress, negligent infliction of emotional distress, prima facie tort, negligent hiring/supervision/retention, and unjust enrichment. As mentioned, these claims have already been adjudicated in Texas although just prior to the Texas Court's ruling, Gomez dropped his claims and both plaintiffs non-suited TU, Hill and La Fontaine. *See* **Exhibit B** at ¶16.

5.     Defendant TU has not been served with process in this case with a summons and the Complaint. *See* **Exhibit B** at ¶ 20.

6.     Defendant Frank La Fontaine is an individual who resides and is domiciled in Florida. *See* **Exhibit B** at ¶11. He is therefore a citizen of the State of Florida for purposes of 28 U.S.C. § 1332.

7.     Defendant Cynthia "Cindy" Hill is an individual who resides and is domiciled in Texas. *See* **Exhibit B** at ¶15; **Exhibit B-3**. She is therefore a citizen of the State of Texas for purposes of 28 U.S.C. § 1332.

### III.    BASES FOR REMOVAL

8.     Although Hill is a citizen of the same state as Plaintiffs, her citizenship must be disregarded because she has been fraudulently joined as a party to this lawsuit. *See Pampillonia v. RJR Nabisco, Inc.*, 138 F.3d 459, 461 (2d Cir. 1998) (holding that a plaintiff may not defeat diversity jurisdiction by joining a nondiverse defendant against whom there is no possibility, based on the pleadings, of stating a cause of action against that defendant).

A.    **Hill's Citizenship Is Irrelevant Because She Was Fraudulently Joined.**

**Governing Standard for Fraudulent Joinder.**

9.    In determining whether this Court has subject matter jurisdiction, the Court disregards the citizenship of a nondiverse defendant who has been fraudulently joined. *See Pampillonia*, 138 F.3d at 461. TU has the burden to show fraudulent joinder by clear and convincing evidence, with factual and legal issues resolved in Plaintiffs' favor. *Id.* That standard is satisfied because, even accepting Plaintiffs' well-pleaded facts, there is no possibility, based on the pleadings and the limited jurisdictional record, that Plaintiffs can state any viable cause of action against Hill. *See Id.* at 461–62. Among these reasons is that Plaintiff Brindis can pursue his claims in Texas through appeal rather than a redo in New York. Interestingly, although his Texas and New York claims are virtually identical he never sued Hill in her home state.

**Res Judicata Forecloses Any Possibility that Brindis Can Recover Against Hill.**

10.    Res judicata provides an independent, dispositive basis for disregarding Hill's citizenship. Whatever pleading theory Plaintiffs attempt to assert in this Court, Brindis cannot evade the preclusive effect of the Texas judgment by repackaging the same employment dispute in a new forum and naming Hill as a defendant. Because New York must afford that judgment the same effect it would receive in Texas, there is no conceivable basis for recovery against Hill on claims arising from that dispute.

11.    New York must give a sister-state judgment the same preclusive effect it would receive in the rendering state absent any challenge to the issuing court's jurisdiction. *Miller v. Miller*, 152 A.D.3d 662, 664 (2nd Dep't 2017). Texas law therefore controls the preclusion analysis here. Under Texas law, res judicata bars not only claims actually litigated, but also claims arising from the same subject matter that *could have been litigated* in the prior action. *Amstadt v. U.S. Brass Corp.*, 919 S.W.2d 644, 652 (Tex. 1996). The doctrine applies when there is (1) a prior

final judgment on the merits by a court of competent jurisdiction, (2) identity of parties or those in privity with them, and (3) a later action based on claims that were or could have been raised in the first suit. *Texas Water Rights Comm'n v. Crow Iron Works*, 582 S.W.2d 768, 771–72 (Tex. 1979).

12.     The first element is straightforward. Univision Radio Broadcasting Texas, L.P. ("Univision Radio") and Daniel Guerra obtained summary judgment dismissing all claims asserted by Brindis in the Texas action. *See* **Exhibit B** at ¶18 (May 8, 2026 Summary Judgment Order). There was no challenge to the Texas court's subject-matter jurisdiction, and the Summary Judgment Order is a final merits adjudication by a court of competent jurisdiction. Brindis's remedy, if any, lies in the Texas appellate process—not in filing a duplicative New York action against a party in privity with the Texas defendants.

13.     The second element is likewise satisfied because Hill is in privity with Univision Radio. In the Texas action, Brindis judicially admitted that, "[a]t all material times, Hill [was] acting as [an] actual or apparent agent[], servant[], and/or employee[] of Univision Radio Broadcasting Texas L.P. and TelevisaUnivision, Inc. and [was] acting within the course and scope of [her] authority." *See* **Exhibit B** at ¶15; **Exhibit B-3** (Third Amended Petition at ¶ 13). Having affirmatively alleged that agency relationship in Texas, Brindis cannot now deny privity to avoid preclusion. Texas courts recognize privity in precisely these circumstances, including where a second suit targets an agent after the first suit proceeded against the principal based on the same alleged conduct. *See Nat'l Land Recs., LLC v. Peirson Patterson, LLP*, No. 12-16-00205-CV, 2017 WL 2829331, at *3 (Tex. App.—Tyler June 30, 2017, no pet.) (dismissing second suit against agent on res judicata grounds because virtually identical first suit was dismissed against the principal and finding that "parties are in a vicarious relationship, a judgment for the principal bars a later suit against the agent.").

14.    The third element is equally clear. This action is based on the same nucleus of operative facts as the Texas lawsuit: the investigation into Brindis's termination, the termination itself, and the alleged post-termination sabotage and false statements. The operative Texas petition asserted claims for breach of contract, fraud, intentional infliction of emotional distress, tortious interference, sabotage, civil conspiracy, business disparagement, and organized criminal conduct, all arising from that same course of events. *See generally See* **Exhibit B** at ¶14; **Exhibit B-2** (First Amended Petition). The Complaint repackages those same allegations against Hill. Under Texas's transactional approach, claims arising from the same facts in time, space, origin, and motivation must be brought together, not split across successive suits in different courts. *See Highland Crusader Offshore Partners, L.P. v. Motient Corp.*, 281 S.W.3d 237, 245 (Tex. App.—Dallas 2009, pet. denied). On the face of the pleadings, Brindis is attempting exactly the sort of claim-splitting Texas preclusion law forbids.

15.    Gomez's attempt to proceed against Hill fares no better. Even though Gomez was not a party at the moment of dismissal, Texas law recognizes that voluntarily withdrawn claims remain subject to res judicata. *See Jones v. Nightingale*, 900 S.W.2d 87 (Tex. App.—San Antonio 1995, writ ref'd). That rule matters here because Brindis twice attempted to add Hill as a defendant and Gomez as a plaintiff in the Texas action. After the first attempt resulted in a stricken pleading, Brindis filed a third amended petition naming Gomez and Hill. *See* **Exhibit B** at ¶15; **Exhibit B-3**. (Third Amended Petition). A short time later, Univision Radio moved for summary judgment, Brindis withdrew that pleading. *See* **Exhibit B** at ¶16; **Exhibit B-4**. (Notice of Withdrawal of Motion for Leave). Plaintiffs cannot sidestep Texas preclusion principles by abandoning those claims there and reviving them here.

16.     Plaintiffs are not entitled to a second bite at the apple by withholding or withdrawing claims in Texas and then reasserting them in New York once the Texas case went badly. Texas preclusion law exists to end litigation, prevent vexatious claim-splitting, preserve the finality of judgments, and protect judicial economy. *See Barr v. Resol. Tr. Corp. ex rel. Sunbelt Fed. Sav.*, 837 S.W.2d 627, 629 (Tex. 1992). The sequence of events here—attempting to inject Hill and Gomez into the Texas case, withdrawing those claims after summary-judgment motion practice, and then filing this suit—underscores that Hill was named not because Plaintiffs have any viable claim against her, but to obstruct removal. That is paradigmatic fraudulent joinder. *Sitafalwalla v. Toyota Motor Sales, U.S.A., Inc.*, 15-CV-1807(ADS)(GRB), 2016 WL 740441, at *6-7 (E.D.N.Y. Feb. 24, 2016) (finding fraudulent joinder and ignoring citizenship of defendant when claims against it would be dismissed in state court based on collateral estoppel); *Cleary v. Bos. Sci. Corp.*, No. CV06-3423(BMC)(MLO), 2006 WL 2689815, at *3 (E.D.N.Y. Sept. 18, 2006) ("Cases against non-diverse defendants that fail to meet the standard of Rule 12(b)(6) present 'no possibility' that plaintiff will recover; so do cases that are barred by statutes of limitation, *res judicata*, or many other affirmative defenses.") (Emphasis added).

17.     For the reasons stated above, Plaintiffs could not recover against Hill under Texas preclusion law and her presence as a party should be ignored for purposes of removal.

**Pleading Defects Common to All Claims Against Hill**.[5]

18.    Plaintiffs identify Hill only by corporate title and allege, in conclusory fashion, that she acted "individually and as agent of TelevisaUnivision, Inc." and exercised managerial authority over radio programming/content matters. **Exhibit A-1** at ¶¶ 7, 25. The Complaint states Hill "served as Vice President of Content and Industry Relations/Content, Industry & Affiliate Relations for Defendants' radio operations and exercised managerial authority over programming/content matters relevant to Plaintiffs and their show." *Id.*

19.    The counts against Hill then rely on undifferentiated allegations against "Defendants" and do not identify any Hill contract, Hill statement, Hill publication, Hill duty independent of a corporate role, Hill personal benefit, or any allegation that Hill acted outside the scope of her employment or authority. *See id.* at ¶¶ 49, 52, 56–62, 64, 66–79, 82. Those collective allegations do not provide the claim-specific notice required even under Rule 8(a)(2), because a complaint must give each defendant fair notice of what she allegedly did or failed to do and the grounds on which the claim rests. *See Wynder v. McMahon*, 360 F.3d 73, 77, 79 (2d Cir. 2004) (quoting *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002), and explaining that fair notice enables the adverse party to answer, prepare for trial, apply res judicata, and identify the nature of the case); *Howard v. Mun. Credit Union*, No. 05-cv-7488 (LAK), 2008 WL 782760, at *12 (S.D.N.Y. Mar. 25, 2008) (Rule 8 does not prohibit collective allegations against multiple defendants but requires allegations sufficient to put each defendant on notice of what that defendant allegedly did or did not do).

---

[5] Like a time-barred claim against a defendant for removal purposes, Hill's citizenship should be disregarded because the Court lacks personal jurisdiction over Hill as she may demonstrate if called upon. That is an independent reason why Hill should not be considered in determining diversity jurisdiction. *See, Altman-Gubernikoff v. Garely*, No. 20 CIV. 4913 (PGG), 2021 WL 1051624, at *4 (S.D.N.Y. Mar. 19, 2021) (holding because the plaintiff's claims against a defendant were time-barred then the defendant was fraudulently joined and "their citizenship does not demonstrate a lack of diversity jurisdiction.").

20. And under New York law, where the pleading itself frames Hill solely as a corporate agent and does not allege that she acted outside the scope of her employment, for personal gain, or through an independent tort, Plaintiffs cannot possibly recover against her individually on those group-pleaded claims. *See Murtha v. Yonkers Child Care Ass'n, Inc.*, 45 N.Y.2d 913, 915 (1978) (holding that corporate officers and employees are not liable for inducing their corporation's breach of contract unless they acted outside the scope of their authority or committed independent torts); *see also Joan Hansen & Co. v. Everlast World's Boxing Headquarters Corp.*, 296 A.D.2d 103, 109–10 (1st Dep't 2002) (explaining that a corporate officer or director who acts in good faith and within the scope of authority cannot be held liable for inducing the corporation's breach absent personal gain or malice independent of the corporate interest). Accordingly, by pleading only conclusory allegations against all "Defendants" while omitting any nonconclusory allegation that Hill stepped outside her corporate role, the Complaint supplies no basis to conclude that Plaintiffs can possibly recover against Hill.

**First Cause of Action—Breach of Contract; Second and Fourteenth Causes of Action—Breach of the Implied Covenant of Good Faith and Fair Dealing.**

21. These contract-based claims are not viable causes of action against Hill because Plaintiffs allege that Brindis's Employment Agreement was with Univision Radio, not Hill, and the Complaint does not allege that Hill signed, guaranteed, assumed, or was assigned any obligation under that agreement. *See* **Exhibit A-1** at ¶¶ 17, 41–47, 80–84. Hill was not a party to Brindis's Employment Agreement or contract with Gomez and did not personally owe Plaintiffs any contractual compensation. Because a non-party to a contract cannot be liable for breach of that contract or for breach of any implied covenant implied in it there is no possible contract-based claim against Hill. *Black Car & Livery Ins., Inc. v. H & W Brokerage, Inc.*, 28 A.D.3d 595, 595-96 (2nd Dep't 2006) (dismissing breach of contract claim because defendant was not a party to the

agreement in question); *Duration Mun. Fund, L.P. v. J.P. Morgan Sec., Inc.*, 77 A.D.3d 474, 474-75 (1st Dep't 2010) (holding that "[a] cause of action based upon a breach of a covenant of good faith and fair dealing requires a contractual obligation between the parties" and dismissing claim against defendant because contractual relationship in question was between plaintiff and a "nonparty affiliate" of defendant).

### Third Cause of Action—Fraud / Fraudulent Misrepresentation.

22.    The fraud count alleges that "Defendants" falsely asserted Brindis violated company policies, but it does not identify any specific misrepresentation by Hill, when or where Hill supposedly made it, to whom Hill communicated it, why Hill knew it was false when made, or how Plaintiffs justifiably relied on a Hill statement. *See* **Exhibit A-1** at ¶¶ 49–51. To have a viable claim, New York law requires a fraud plaintiff to plead a material misrepresentation, knowledge of falsity, intent to induce reliance, justifiable reliance, and damages with particularity. *See Eurycleia Partners, LP v. Seward & Kissel, LLP*, 12 N.Y.3d 553, 559 (2009); ("A claim rooted in fraud must be pleaded with the requisite particularity under CPLR 3016(b)."); *CMB Export Infrastructure Inv. Group 48, LP v. Motcomb Estates, Ltd*, 223 A.D. 3d 513, 514 (1st Dep't 2024) (fraud claim requires "specific facts with respect to the time, place, or manner of th[e] purported misrepresentation."). Plaintiffs therefore have no viable fraud claim against Hill since Plaintiffs have no specific facts with respect to time, place, or manner. *See Talipot ESG Investments LLC v Bulltick Financial Advisory Services LLC*, No. 650028/2024, 2025 WL 877751, at *12 (Sup. Ct., New York Cnty., Mar. 19, 2025) (asserting that "fraud-based claims must satisfy the 'more stringent' pleading requirements of CPLR 3016(b)" and dismissing fraud claims against both defendants because there were no allegations, stated with sufficient particularity, that one defendant "was responsible for [the] statements or aware – even by inference – that the statements

were false" and plaintiff "fail[ed] to identify a single misrepresentation or omission that [was] specifically attributable" to the other defendant).

**Fourth Cause of Action—Aiding and Abetting Fraud.**

23.     The aiding-and-abetting-fraud count adds only that Hill and La Fontaine "had actual knowledge of the fraud" and substantially assisted it. *See* **Exhibit A-1** at ¶ 52. That one-sentence, group-pleaded conclusion does not allege a viable underlying fraud, actual knowledge by Hill, or substantial assistance by Hill. Because Plaintiffs cannot plead an underlying actionable fraud by Hill and allege no particularized aiding conduct by Hill, there is no possibility of recovery against Hill on this derivative theory. *Burden v. Pamplona Cap. Mgmt. LLP*, 238 A.D.3d 444, 446 (1st Dep't 2025) (dismissing aiding and abetting fraud claim because plaintiff did not allege a viable underlying fraud claim); *Goel v. Ramachandran*, 111 A.D.3d 783, 793 (2nd Dep't 2013) (dismissing aiding and abetting fraud claim because plaintiff's conclusory allegations were insufficient to permit a reasonable inference as to defendants' knowledge of alleged fraud and defendant's substantial assistance in the achievement of the alleged fraud).

**Fifth Cause of Action—Civil Conspiracy.**

24.     New York does not recognize civil conspiracy as an independent tort. *See Alexander & Alexander of N.Y., Inc. v. Fritzen*, 68 N.Y.2d 968, 969 (1986); *see also Kirch v. Liberty Media Corp.*, 449 F.3d 388, 401 (2d Cir. 2006). The Complaint alleges only that TelevisaUnivision and unidentified executives or agents agreed to injure Plaintiffs, without nonconclusory facts showing any separate agreement by Hill, any personal objective by Hill, or any viable underlying tort by Hill. *See* **Exhibit A-1** at ¶¶ 53–55. Plaintiffs cannot use a civil-conspiracy label to create individual liability where no underlying Hill tort exists. *Hebrew Inst. for*

*Deaf & Exceptional Child. v. Kahana*, 57 A.D.3d 734, 735 (2nd Dep't 2008) (dismissing conspiracy claim based on underlying conversion because conversion claim was dismissed).

### Sixth Cause of Action—Tortious Interference with Contract.

25.     Plaintiffs allege that "Plaintiffs had valid contractual relationships" and "Defendants" interfered with "Plaintiffs' contract", but they do not plead that Hill was a stranger to Brindis or Mario's "contractual relationships" or acted outside her corporate responsibilities. *See* **Exhibit A-1** at ¶¶ 56–58. Under New York law, a tortious-interference claim requires interference by a third party, and a corporate officer or employee acting within the scope of authority is not liable for inducing the corporation's alleged breach absent independent tortious conduct, personal gain, or malice separate from the corporate interest. *See Murtha v. Yonkers Child Care Ass'n, Inc.*, 45 N.Y.2d 913, 915 (1978); *Joan Hansen & Co. v. Everlast World's Boxing Headquarters Corp.*, 296 A.D.2d 103, 109–10 (1st Dep't 2002). There is no possible contract-interference claim against Hill.  *Marino v. Vunk*, 39 A.D.3d 339, 340-41 (1st Dep't 2007) (tortious interference claim failed because the defendant was acting within the scope of their employment by reporting plaintiff to employer and conclusory allegations of malice did not make the claim viable).

### Seventh Cause of Action—Tortious Interference with Prospective Economic Advantage.

26.     In one sentence, Plaintiffs allege that "Defendants" interfered with prospective business relationships through "fraud, defamation, and sabotage," but they do not identify any prospective relationship with which Hill personally interfered, any wrongful means used by Hill*, or any timely act by Hill. *See* **Exhibit A-1** at ¶ 59; *see also Influx Cap., LLC v. Pershin*, 186 A.D.3d 1622, 1624 (2nd Dep't 2020) (plaintiff must allege a specific business relationship with an identified third party with which the defendants interfered to state a cause of action for tortious

interference with prospective economic advantage). The claim also depends on the same fraud, defamation, and sabotage allegations that are not viable as to Hill and, defamation and sabotage-related emotional-distress claims that are time-barred. Plaintiffs therefore have no possible prospective-interference claim against Hill. *See Merisel, Inc. v. Weinstock*, 117 A.D.3d 459, 459 (1st Dep't 2014) (tortious interference with prospective economic advantage claim properly dismissed because plaintiff did not have viable claim since defendant's conduct did not rise to the level of "wrongful means" required to sustain such a claim).

### Eighth Cause of Action—Defamation and Business Disparagement.

27.     This claim is time-barred and insufficiently pleaded. Defamation claims and reputation-based business-disparagement claims are governed by a one-year statute of limitations. The action was filed on April 20, 2026—more than two years after the alleged December 15, 2023 termination-related statements and more than one year after the alleged February 23, 2025 sabotage referenced in Plaintiffs' Texas petition. *See* ¶¶ 20, 49, 60; *see also* **Exhibit B**; **Exhibit B-2** (First Amended Petition at ¶ 24). The claim also fails because Plaintiffs allege only that "Defendants" published accusations of payola/plugola and do not plead the particular words Hill spoke or wrote, the date of any Hill publication, the recipient of any Hill statement, or facts showing Hill's personal involvement. *See* **Exhibit A-1** at ¶¶ 60–61; *see also* C.P.L.R. 3016(a). There is no viable defamation or business-disparagement claim against Hill. *Bendit v. Canva, Inc.*, No. 23-CV-473 (RA), 2023 WL 5391413, at *7 (S.D.N.Y. Aug. 22, 2023) (defamation claim dismissed because the offending content was only stated in "general terms" and the complaint did not identify a date or author of the statements); *Shaikh v Lincoln Diagnostics, LLC*, No. 150207/2023, 2024 WL 678162, at *8 (Sup. Ct, Jan. 24, 2024) (defamation claim dismissed because complaint did not identify with required specificity the person or persons to whom the

statements were made and was not specific enough as to when the statement was made); *Besicorp Ltd. v. Kahn*, 290 A.D.2d 147, 150 (3rd Dep't 2002) (business disparagement claim failed because disparaging words were not set forth in haec verba, which was required under CPLR 3016(a) for libel and slander claims).

### Ninth Cause of Action—Aiding and Abetting Defamation.

28.      Plaintiffs allege only that Hill "substantially assisted the defamatory publication with knowledge of falsity," without identifying any defamatory publication, any assistance by Hill, any knowledge by Hill, or any timely underlying defamation claim. *See* **Exhibit A-1** at ¶ 62. To the extent aiding and abetting defamation is recognized, it depends on a viable underlying defamation claim and is governed by the same limitations period. *See Hudson v. Delta Kew Holding Corp.*, 43 Misc. 3d 1223(A), 2014 WL 1924324, at *4 (Sup. Ct. Suffolk Cnty. Apr. 22, 2014). Because the underlying defamation/business-disparagement claim is time-barred and not particularized as to Hill, there is no possible aiding-and-abetting-defamation claim against her.

### Tenth Cause of Action—Intentional Infliction of Emotional Distress.

29.      The IIED claim is not a viable claim because it is barred by the one-year statute of limitations as it rests on the alleged termination, alleged pre-termination misconduct narrative, alleged reputational accusations, alleged post-termination interference, and alleged sabotage; those events occurred, at the latest, by December 15, 2023 for the termination-related allegations and by the alleged sabotage described in the Texas petition. *See* **Exhibit A-1** at ¶¶ 20, 31, 49, 64; *see also* ; **Exhibit B**; **Exhibit B-2** (First Amended Petition at ¶ 24). The claim also fails because Plaintiffs do not plead nonconclusory facts showing that Hill personally engaged in extreme and outrageous conduct outside a corporate role. *Robb v. Robb*, No. 1:24-CV-4262-CM, 2024 WL 4556522, at *9

(S.D.N.Y. Oct. 23, 2024) (finding fraudulent joinder because plaintiff had no viable IIED claim against defendants under New York law).

### Eleventh and Thirteenth Causes of Action—Negligent Infliction of Emotional Distress; Negligent Hiring, Supervision, or Retention.

30.    The negligent-infliction count alleges a duty in the "manner" of treating Plaintiffs during and after employment, but it does not plead facts showing that Hill owed Plaintiffs a special duty independent of any corporate role or that Hill personally endangered Plaintiffs' physical safety. *See* **Exhibit A-1** at ¶¶ 66–69. The negligent-hiring, supervision, or retention count is directed at the entity or entities that allegedly hired or supervised personnel; it does not allege that Hill hired, supervised, or retained herself or that Hill owed Plaintiffs an employer-level duty. *See Id.* at ¶¶ 76–79; *see also Russell v. Citigroup*, No. 22-CV-2057-LDH-JRC, 2023 WL 2969823, at *7 (E.D.N.Y. Feb. 24, 2023) (finding fraudulent joinder with respect to NIIED claim because "Plaintiff has not identified the basis for any claim that [defendant] owed Plaintiff *any duty*, let alone that [defendant] breached any duty owed to Plaintiff.") (emphasis added). Neither negligence theory can possibly support a viable claim against Hill.

### Twelfth and Fifteenth Causes of Action—Prima Facie Tort; Unjust Enrichment.

31.    The prima-facie-tort claim is time-barred to the extent it is based on intentional, malicious, and reputation-based conduct, and it also fails because Plaintiffs plead business and compliance motives—not facts showing that Hill personally acted solely from disinterested malevolence. *See* **Exhibit A-1** at ¶¶ 70–75; *see also Schlotthauer v. Sanders*, 143 A.D.2d 84, 85 (2nd Dep't 1988) ("Accordingly, the prima facie tort causes of action fall because although plaintiff alleges intentional and malicious action by the defendant [  ], he does not allege, nor does it clear appear that the disinterested malevolence constituted the sole motivation therefore.") (internal quotations omitted). The unjust-enrichment count alleges only that TelevisaUnivision

retained benefits generated by Brindis; it does not allege any benefit conferred on or retained by Hill. *See id.* at ¶ 84; *see Moskovits v. Grigsby*, No. 650617/2019, 2020 WL 6704176, at *3-4 (Sup Ct., Nov. 12, 2020) (dismissing unjust enrichment claim against defendant because the complaint did not allege that defendant received the finder's fee to which plaintiff claims he is entitled). Taken together, Plaintiffs' own pleading and the Univision Radio Declaration show by clear and convincing evidence that there is no possibility Plaintiffs can state any viable cause of action against Hill. Hill's citizenship should therefore be disregarded. *See Pampillonia*, 138 F.3d at 461–62.

### B.    Defendant La Fontaine is a Diverse Defendant.

32.    Defendant La Fontaine is a citizen of Florida for purposes of 28 U.S.C. § 1332. **Exhibit B** at ¶ 11. Because neither Plaintiff is a citizen of Florida, La Fontaine's citizenship does not destroy diversity. Accordingly, TelevisaUnivision need not demonstrate fraudulent joinder as to La Fontaine to establish diversity jurisdiction. TelevisaUnivision reserves the right to argue that La Fontaine has also been fraudulently joined for substantially similar reasons as discussed above with respect to Defendant Hill, including the conclusory nature of Plaintiffs' allegations and the lack of any plausible claim against La Fontaine individually.[6]

---

[6] Plaintiffs' allegations against La Fontaine arise from his alleged conduct in a corporate capacity for his employer TelevisaUnivision Management Co. **Exhibit B** at ¶ 10. Because La Fontaine is diverse from Plaintiffs, the Court need not disregard his citizenship to exercise diversity jurisdiction.

33.    The citizenship allegations relevant to diversity jurisdiction can be visualized as follows:

| Plaintiffs | Defendants |
|---|---|
| Brindis: Texas | TelevisaUnivision, Inc.: Delaware and New Jersey |
| Gomez: Texas | |
| | La Fontaine: Florida |
| ~~Hill: Texas~~ | |

34.    Accordingly, because Plaintiffs are citizens of Texas, TU is a citizen of Delaware and New Jersey, La Fontaine is a citizen of Florida, and Hill's citizenship is disregarded under the fraudulent-joinder doctrine, complete diversity exists among the parties. This Court therefore has subject matter jurisdiction under 28 U.S.C. § 1332.

## IV.    REMAINING PROCEDURAL REQUIREMENTS

35.    In compliance with 28 U.S.C. § 1446(a) and S.D.N.Y. L. Civ. R. 81.1, Defendants contemporaneously file:

   a.    Civil Cover Sheet (JS-44);

   b.    Rule 7.1 Disclosure Statement pursuant to Local Civil Rule 7.1.1; and

   c.    copies of all pleadings and papers served in the State Court Action.

   d.    Notice of Appearance for counsel appearing on behalf of TelevisaUnivision, Inc., to the extent required by this Court's case-opening procedures.

36.    Venue is proper in this Court pursuant to 28 U.S.C. § 1441(a) because the State Court Action was pending in New York County, which lies within the district and division of the Southern District of New York.

37.    Promptly following the filing of this Notice, TelevisaUnivision, Inc. will provide written notice to Plaintiffs and file a copy of this Notice with the Clerk of the Supreme Court of the State of New York, County of New York, Commercial Division in accordance with 28 U.S.C. § 1446(d).

## V.    CONCLUSION

38.    For the reasons stated above, Defendant TelevisaUnivision, Inc. hereby removes this action to this Court based on diversity of citizenship of the properly joined parties. TelevisaUnivision, Inc. respectfully requests that this Court proceed with the action as if it had been originally commenced in this Court, and for all other relief, in law or in equity, to which it is justly entitled.

Dated: May 18, 2026.                              Respectfully submitted,

*/s/ Charles L. Babcock*

_____
JACKSON WALKER LLP
Charles L. Babcock
SDNY #5451117
cbabcock@jw.com
Jamila M. Brinson
(*pro hac vice application forthcoming*)
jbrinson@jw.com
Diana Gomez
(*pro hac vice application forthcoming*)
dpgomez@jw.com
Ariel Perez
(*pro hac vice application forthcoming*)
aperez@jw.com
1401 McKinney, Suite 1900
Houston, Texas 77010
(713) 752-4356
(713) 308-4112 (fax)

*Counsel for Defendant TelevisaUnivision, Inc.,*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 18, 2026, a true and correct copy of this document and its exhibits was filed with the Clerk of Court for the United States District Court, Southern District of New York, via the Court's CM/ECF system, and also that a true and correct copy of this document and its exhibits was served via email and certified mail, return receipt requested on Plaintiffs' counsel of record pursuant to Federal Rule of Civil Procedure 5(b)(1) as listed below:

Bobby Garcia
Law Office of Bobby Garcia, P.C.
P.O. Box 5729
McAllen, Texas 78502
Tel. (956) 668-7400
E-service email: litigation@bobbygarcia.com

Lesley Briones
c/o Adan Briones
9 Greenway Plaza, Ste. 2800
Houston, TX 77046
E-service email: lesleybriones@gmail.com

*Counsel for Plaintiffs*

*/s/ Charles L. Babcock*

Charles L. Babcock