UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
                               :

RAÚL BRINDIS and MARIO GOMEZ,      :

                               :

                 Plaintiff,    :

                               :             26-CV-4149 (VSB)

          -against-      :

                               :            **ORDER**

TELEVISAUNIVISION, INC., CINDY HILL, :
individually and as agent of TelevisaUnivision, :
Inc., FRANK LA FONTAINE, individually and :
as agent of TelevisaUnivision, Inc.,    :

                               :

             Defendants.  :

                               :
------------------------------------------------------------- X

<u>VERNON S. BRODERICK, United States District Judge</u>:

On June 10, 2026,[1] Plaintiffs filed an amended complaint pursuant to Federal Rule of Civil Procedure 15(a)(1)(B).  (Doc. 19.)  The amended complaint states that "the parties herein are not completely diverse" and "Plaintiffs reserve the right to move to remand for lack of subject-matter jurisdiction."  (*Id.* ¶ 9.)  Pursuant to 28 U.S.C. § 1447(c), a motion to remand the case must be made within 30 days after the filing of the notice of removal, *i.e.*, by June 17, 2026.

"[W]hen a plaintiff properly amends [a] complaint after a defendant has filed a motion to dismiss that is still pending, the district court has the option of either denying the pending motion as moot or evaluating the motion in light of the facts alleged in the amended complaint." *Pettaway v. Nat'l Recovery Sols., LLC*, 955 F.3d 299, 303–04 (2d Cir. 2020).  Accordingly, it is hereby:

ORDERED that Defendant TelavisaUnivision, Inc. shall file a letter by **June 18, 2026**

---

[1] Plaintiffs initially filed the amended complaint on June 9, 2026, (Doc. 17), the day that their response to Defendant TelavisaUnivision, Inc.'s motion to dismiss was due.  However, the motion to dismiss was noted as having a filing error because it was filed against the incorrect party.  (*See id.*)

deciding whether their previously filed motions to dismiss, (Doc. 11,[2] Doc. 20), should be deemed moot without prejudice to refile a new motion to dismiss in accordance with Federal Rule of Civil Procedure 15(a)(3), or if I should evaluate Defendant TelavisaUnivision, Inc.'s previously filed motions to dismiss in light of the facts alleged in the amended complaint.

IT IS FURTHER ORDERED that by **June 17, 2026**, Plaintiffs shall file their motion to remand or a letter regarding the diversity of the parties in response to Defendant TelavisaUnivision, Inc.'s notice of removal, (Doc. 1).

SO ORDERED.

Dated: June 11, 2026
New York, New York

Vernon S. Broderick
United States District Judge

---

[2] Defendant TelavisaUnivision, Inc. initially filed a motion to dismiss on May 26, 2026. (Doc. 11.) However, on June 12, 2026, the motion to dismiss was noted as having a filing error because the wrong event type was selected. (*See id.*) Thus, Defendant TelavisaUnivision, Inc. filed a motion to dismiss on June 12, 2026. (*See* Doc. 20.)